(No. 3388—)

PAUL BOYKE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1941.*

M. G. KAUFMAN, for claimant.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint alleges that the claimant was the owner of a Ford sedan, which was parked facing in an easterly direction on the south side of Montrose Avenue entirely beyond the southernmost limit of the pavement of Montrose Avenue, at a point about 200 feet west of Narragansett Avenue, in the City of Chicago; that while his automobile was so parked, a motor vehicle of the State of Illinois belonging to the Highway Department was driven in such a manner that it ran into and against this parked car, causing property damage of $140.00.

A bill of particulars is attached to the complaint, showing damages suffered by the claimant in the sum of $96.35 for necessary repairs.

A motion to dismiss has been made on the ground that the complaint does not set forth a claim which the State of Illinois, as a sovereign commonwealth, should discharge and pay for the reason that the claimant seeks an award predicated upon the liability occasioned by the negligent acts of the agents of the State.

Many times this court has held that the State, in the construction and maintenance of its highway system, is engaged in a governmental function, and in the absence of a statute expressly so providing it is not liable for damages to property occasioned by the negligence or wrongful operation of motor vehicles operated by the Division of Highways.

*Boner* vs. *State,* 9 C. C. R. 55; .
*Royal* vs. *State,* 9 C. C. R. 67;
*Morgan* vs. *State,* 9 C. C. R. 109;
*Waterstreet* vs. *State,* 9 C. C. R. 111;
*Clark* vs. *State,* 9 C. C. R. 137;
*Youngblut* vs. *State,* 10 C. C. R. 52;
*Duncan* vs. *State,* 10 C. C. R. 154.

This court has further held that it has jurisdiction to make an award only in cases where the State would be liable

in law or equity if it could be sued in a court of general jurisdiction.

> *Crabtree* vs. *State,* 7 C. C. R. 207;
> *Royal* vs. *State,* 9 C. C. R. 67.

The motion to dismiss will, therefore, be sustained and an award denied.